Appeal
Dismissed, Petition Denied, and Memorandum Opinion filed August 13, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-01136-CV

_______________

 

COASTAL NEJAPA, LTD., Appellant

 

V.

 

CRYSTAL POWER COMPANY, Appellee

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 46341

 

and

 

NO. 14-08-01127-CV

_______________

IN RE COASTAL NEJAPA, LTD., Relator

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 








M E M O R A N D U M    O P I N I O N

 

On May 1, 1999, Crystal Power Company (ACrystal@), a shareholder in Coastal Nejapa,
Ltd., executed a subordination agreement that assigned to certain banks (Athe Banks@) some or all of Crystal=s rights to distribution payments. 
At that time, Crystal owned 8,467 class A shares and 5,000 class C shares of
Coastal Nejapa=s stock.  Thereafter, Coastal Nejapa paid the Banks the distributions
attributable to Crystal=s shares.[1]  

In October 2002, Crystal sued Coastal Nejapa in Brazoria
County, Texas, asserting claims related to its alleged mistreatment as a
minority shareholder.  The Banks were not parties to this action.  

In late 2006, Crystal asked Coastal Nejapa to pay future
distributions in part to the Banks and in part to Crystal.  In February 2007,
Coastal Nejapa sought to make a distribution to its shareholders.  Relying on a
forum-selection clause in Crystal=s subordination agreement with the
Banks, Coastal Nejapa filed an interpleader action in New York to determine the
interested parties= rights to payment of approximately $13.3 million.

On October 9, 2008, Crystal asked the Texas court to enjoin
Coastal Nejapa from depositing certain funds into the registry of the New York
Court.  Asserting comity grounds, Coastal Nejapa moved to stay further
proceedings in the Texas court concerning those of Crystal=s claims related to distributions
attributable to its shares in Coastal Nejapa.  Although the judges of the Texas
and New York courts corresponded and spoke by telephone, they issued
conflicting orders on November 20, 2008.   As relevant to this proceeding, the
New York court ordered Coastal Nejapa to pay $803,980.00 into that court=s registry, while the Texas court
ordered Coastal Nejapa not to pay these funds into the registry of the New York
court, but instead to pay Crystal directly.  








A.        Interlocutory
Appeal

Coastal Nejapa then filed this interlocutory appeal in which
it argues that the trial court abused its discretion by (1) temporarily
enjoining Coastal Nejapa from paying certain shareholder distributions into the
registry of the New York court and (2) ordering Coastal Nejapa to pay those
distributions directly to Crystal.  The district court, however, subsequently
modified its prior Injunctive Order and allowed Coastal Nejapa to pay
$803,980.00 into the registry of the New York Court as ordered by the trial
court in that state.  Thus, the issue raised in the interlocutory appeal is now
moot.  See Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005)
(AA case becomes moot if a controversy
ceases to exist or the parties lack a legally cognizable interest in the
outcome.@).  When a case becomes moot, the
parties lose standing to maintain their claims.  Williams v. Lara, 52
S.W.3d 171, 184 (Tex. 2000).  Because the absence of a live controversy
deprives us of subject-matter jurisdiction, we dismiss Coastal Nejapa=s interlocutory appeal. 

B.        Petition
for Writ of Mandamus








Coastal Nejapa also filed a petition for writ of mandamus in
which it asserted that the district court abused its discretion and left
Coastal Nejapa with no adequate remedy on appeal when it denied Coastal Nejapa=s motion to stay the Texas
proceedings with regard to Aall claims related to payments or distributions based on
Crystal=s interest in Coastal
Nejapa . . . until the New York proceeding has concluded.@  But Crystal and the Banks
subsequently reached a settlement agreement, and the New York trial court
entered final judgment in the interpleader action.  Crystal accordingly filed a
letter brief in this court stating that no controversy now exists between any
of the parties regarding the claims at issue in the New York interpleader
action and asking us to dismiss Coastal Nejapa=s claims before this court as moot. 
We requested a response from Coastal Nejapa to Crystal=s letter brief, and Coastal Nejapa
wrote back, conceding that the Afinal judgment from the New York court might have mooted some
aspects of these proceedings,@ but pointing out that Crystal has filed an appeal in New
York, and thus, A[u]ntil the New York case is concluded, it is premature to
respond to Crystal=s arguments regarding mootness.@  We disagree.  

It is undisputed that as a result of the settlement
agreement, there is no longer a live controversy between Crystal and the Banks
regarding payment of the interpleaded funds or payment of future
distributions.  This fact is not changed by the pendency of Crystal=s New York appeal, because the
controversy was extinguished by settlement, not by the New York trial court=s order, and in any event, Crystal
seeks no substantive change in the lower court=s order.[2] 


Inasmuch as Coastal Nejapa identifies no remaining live
controversy that properly can be addressed by the requested writ of mandamus,
it has not shown itself entitled to the extraordinary remedy it seeks.  We
therefore deny Coastal Nejapa=s petition for writ of mandamus. 

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel
consists of Justices Anderson, Guzman, and Seymore. 

 

 









[1]  At a disputed date in 2008, Coastal Nejapa issued
additional stock, increasing Crystal=s
holding to 38,292 class A shares and 20,000 class C shares.  The Banks do not
claim a right to distributions tied to the later-acquired shares





[2]  Crystal contends that Coastal Nejapa has taken the
position that the New York court=s
order covers funds that were not the subject of the interpleader; thus, Crystal
seeks clarification that the order addresses only those matters actually raised
in the interpleader proceeding.  Second, Crystal asks that a misstated
reference to a cause number be corrected.